OPINION OF THE COURT
RENDELL, Circuit Judge.
Defendants appeal the District Court’s enforcement of the Settlement Agreement between the parties. For the reasons discussed below, we will affirm in part, and vacate in part, and remand for further proceedings.
I.
Because we write solely for the parties, we recount only those facts necessary to our disposition. In November 2008, at the direction of the District Court, Plaintiffs/Appellees entered mediation with Defendants/Appellants and other defendants. In February 2009, the parties orally agreed to a settlement agreement. Based on their understanding of the agreement, Plaintiffs’ counsel began collecting written releases from plaintiffs of their claims against Defendants (the “pre-Settlement release”).
The parties executed a written settlement agreement on September 3, 2010 (the “Settlement Agreement”). The Settlement Agreement required Plaintiffs’ counsel to provide Defendants with “an executed release, approved by these parties, to be signed by each Plaintiff, or in the case of plaintiffs [sic] who filed bankruptcy, an order approving settlement signed by the bankruptcy court judge, where applicable.” In exchange, the Defendants were to pay Plaintiffs’ counsel $300,000.00, which represented “payment of attorneys fees and costs towards plaintiffs’ counsels’ fees and costs associated with the prosecution of the cases.... ”
Defendants claim that after the Settlement Agreement was executed, the parties negotiated and agreed upon the form of the release (the “approved release”). Plaintiffs disagree that there was an agreed upon release and argue that they only had to provide Defendants with a general release of plaintiffs’ claims. As such, Plaintiffs’ counsel did not use the approved release, but continued using the pre-Settlement release. This release is identical to the approved release except it includes two additional sentences that state: “In return for this release I will be provided a pro rata share of the $300,000.00 settlement. My attorneys’ fees and other case costs will be deducted out of that pro rata share of the $300,000.00 settlement.” Similar language was also included in the bankruptcy orders that plaintiffs who filed for bankruptcy were required to procure.
Because of this language, Defendants refused to release the settlement money, claiming that the intent of the Settlement Agreement was to pay plaintiffs’ counsel their attorneys’ fees and costs and that distributing the money to plaintiffs would be contrary to that express purpose. In addition, Defendants asserted that they had not received all the required releases and bankruptcy orders. In response, Plaintiffs filed a motion to enforce the Settlement Agreement, arguing that nothing in the agreement prevented Plaintiffs’ counsel from distributing the settlement *177 money to plaintiffs and that they provided all the required releases and bankruptcy orders to Defendants. Defendants then filed a crossmotion to enforce the Settlement Agreement based on their understanding of the agreement.
The District Court ruled in favor of Plaintiffs, holding that (1) the Settlement Agreement did not limit how Plaintiffs’ counsel could distribute the settlement funds; (2) the releases did not violate the terms of the Settlement Agreement; (3) Plaintiffs’ failure to use the approved release did not excuse Defendants from complying with the Settlement Agreement; and (4) all the bankruptcy orders and releases had been obtained. Defendants appeal this ruling.
II.[1]
a. The Settlement Agreement
We agree with the District Court’s well-reasoned analysis that the Settlement Agreement did not prevent Plaintiffs’ counsel from distributing the settlement money to plaintiffs and that Defendants should not be excused from complying with the Settlement Agreement because the releases and bankruptcy orders that Plaintiffs provided included language that expressed this intent. Thus, we will affirm this aspect of the District Court’s order for the reasons outlined in its opinion.
b. The “Missing” Bankruptcy Orders and Releases
Defendants claim that the District Court erred in concluding that all the releases and bankruptcy orders had been obtained for two reasons. First, Defendants assert that the District Court incorrectly concluded that five plaintiffs had withdrawn from the litigation, and that, as a result, it improperly excused them from providing bankruptcy orders or releases to the Defendants. Second, Defendants argue that the District Court failed to apply the provision in the Settlement Agreement that required plaintiffs who were in bankruptcy to provide Defendants with bankruptcy orders, as opposed to releases. As a result, Defendants contend that the District Court improperly concluded that approximately twenty plaintiffs who were in bankruptcy had complied with the Settlement Agreement even though they provided only releases.[2]
We agree with the District Court that the five plaintiffs at issue withdrew from the litigation, see Case No. l:04-CV-0832, Docs. 345, 346, 347, 348 and 352, and that as a result, releases and bankruptcy orders were not required for these plaintiffs. Thus, we will affirm this aspect of the District Court’s ruling for the reasons outlined in the District Court’s opinion.
We cannot conclude, however, that Plaintiffs provided Defendants with all of the required bankruptcy orders. The Settlement Agreement explicitly states that plaintiffs who filed for bankruptcy were required to provide Defendants with “an order approving settlement signed by the bankruptcy court judge, where applicable.” *178 Despite this express requirement, the District Court held, without explanation, that plaintiffs who filed for bankruptcy complied with the Settlement Agreement by providing Defendants with releases. Appendix 71a (“A comparison of defendants [sic] list of missing bankruptcy orders with the releases and bankruptcy orders provided to the court by plaintiffs establishes that all releases are present.” (emphasis added)). We have reviewed the record, including the citations in the District Court’s opinion, and the parties’ briefs[3], and we cannot determine the basis of the District Court’s conclusion, or whether bankruptcy orders were required from the plaintiffs that Defendants have identified.[4] As a result, we will vacate this portion of the District Court’s order and remand so that the District Court can make additional findings and/or explain its conclusions as to whether the “missing” bankruptcy orders were required.
III.
For the reasons stated above, we will affirm in part, vacate in part, and remand for further proceedings.

. The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court’s construction of the Settlement Agreement de novo, but review any factual findings for clear error. In re Cendant Corp. Prides Litig., 233 F.3d 188, 193 (3d Cir.2000).

. In their supplemental brief, Defendants suggest for the first time that plaintiffs who filed for bankruptcy were also required to provide releases signed by their respective trustees. See, e.g., Supplemental Appendix 64a ¶ 3. There is nothing in the Settlement Agreement that requires this. Moreover, there is no reason why this requirement would be necessary. The bankruptcy orders leave no room for doubt that the trustees are releasing their claims in exchange for the settlement payout.

. Plaintiffs' only explanation as to why bankruptcy orders were not required for the plaintiffs listed in Appendix 360a is that bankruptcy orders were "not required for individuals whose bankruptcy trustee had understandably abandoned any claim to the relatively small proceeds ($2,093.02)" from the settlement. In footnote 2 of their response brief, Plaintiffs claimed that there are fifteen of these abandoned claims. As support for this contention, Plaintiffs cited to three pages of the docket (App. 3a, 4a, and 41a) and the second page of the District Court's order (App.óOa). We could not determine how these citations shed light on which claims had been abandoned, and requested supplemental briefing on the issue. In their supplemental brief, Plaintiffs identified three claims that have been abandoned and then cited footnote 2 of their response brief. Needless to say, we are now only three claims closer to deducing which of the fifteen claims Plaintiffs are claiming have been abandoned.

. We note that because the Settlement Agreement states that bankruptcy orders are necessary for plaintiffs who filed for bankruptcy "where applicable,” it is possible that there are plaintiffs who filed for bankruptcy who did not need to provide bankruptcy orders to Defendants. This analysis, however, is not included in the District Court’s opinion or in the parties’ briefs.